IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) ANDREW GROSSMAN, | ) | Jury Trial Demanded |
| (2) VENERABLE GROUP, LP., | ) | |
| a limited partnership, and | ) | |
| (3) NORTHWEST TERRITORY | ) | |
| LIMITED PARTNERSHIP, a | ) | |
| limited partnership, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. _____ |
| | ) | |
| (1) McAFEE & TAFT, A Professional | ) | |
| Corporation; and | ) | |
| (2) JOSEPH BOCOCK, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

For their causes of action against Defendants Joseph Bocock and McAfee & Taft, A Professional Corporation, Plaintiffs allege and state:

ALLEGATIONS REGARDING JURISDICTION

1.      Plaintiff Andrew Grossman ("Grossman"), was and is now, and at all times mentioned herein, a citizen and resident of the State of Minnesota.  Plaintiff Venerable Group, LP  ("Venerable Group") is a Minnesota limited partnership having its principal place of business in Minnesota.  Northwest Territory Limited Partnership ("Northwest Territory") is a Minnesota limited partnership having it principal business location being in the State of Minnesota.  No general partner or limited partner of either Venerable Group or Northwest Territory resides in, or is a citizen of the State of Oklahoma.

1

Grossman, Venerable Group, and Northwest Territory are collectively referred to as

Plaintiffs.

       2.      Defendant Joseph Bocock is an attorney licensed to practice law in the

State of Oklahoma, and is a citizen and resident of the State of Oklahoma and is an

attorney practicing law through the law firm of Defendant McAfee & Taft, A

Professional Corporation.  Defendant McAfee & Taft is an Oklahoma professional

corporation which maintains an office and principal place of business in Oklahoma City,

Oklahoma.  Defendant Bocock and Defendant McAfee & Taft shall be collectively

referred to as "Attorney Defendants".

       3.      The amount in controversy exceeds the sum of $75,000.   Diversity of

citizenship exists. This Court has subject matter jurisdiction by virtue of diversity of

citizenship and amount in controversy under 28 U.S.C. § 1332.

GENEAL ALLEGATIONS AND COUNT I

       4.      Attorney Defendants were retained to represent, and agreed to represent

Plaintiff Grossman, individually, and Heather Apartments Limited Partnership in

connection with certain litigation pending in Oklahoma County, State of Oklahoma,

entitled *Fannie Mae vs.  Heather Apartments, LLC. d/b/a Vintage Lakes Apartments,*

*Andrew Grossman, et al*, Case No. CJ-2006-1043 ("Heather Apartments Litigation").

       5.      Attorney Defendants were also retained to represent, and agreed to

represent Plaintiff Grossman and Northwest Territory Limited Partnership in connection

with certain litigation then pending in Oklahoma County, State of Oklahoma, entitled

*Fannie Mae vs. Northwest Territory Limited Partnership, d/b/a Springbrook Apartments, and Andrew Grossman*, Case No. CJ-2006-9796 ("Northwest Apartments Litigation").

6.    Attorney Defendants also were retained to and agreed to represent the interests and rights of Plaintiff Venerable Group in connection with the foregoing litigation, and entities, and the financing thereof.   Attorney Defendants knew, or had reason to know, at times relevant, Venerable Group was acting on, and relying upon their representation, advice and recommendations in making financial decisions and commitments regarding the financing of the foregoing entities and litigation.

7.    The Heather Apartments Litigation, Northwest Apartments Litigation, and representation of Venerable Groups respective interests are collectively referred to as the "Fannie Mae Litigation".  Attorney Defendants were also retained to represent Heather Apartments in connection with an inverse condemnation suit against the City of the Village, in the proceeding styled *Heather Apartments vs. City Of The Village*, Case No. CJ-2006-10440 ("Condemnation Litigation').  As a result of the foregoing agreements and understandings set forth in ¶¶ 4, 5 & 6, an attorney client relationship existed between Attorney Defendants and Plaintiffs, as well as the apartment entities named.

8.    Heather Apartments owned and operated an apartment complex in the City of the Village, Oklahoma known as Vintage Lakes Apartments.   Northwest Apartments owned and operated an apartment complex in Oklahoma City known as Springbrook Apartments.   Plaintiff Grossman was the principal owner of both Heather Apartments and Northwest Apartments.

9.     Fannie Mae initiated litigation seeking, among other things, judgment upon certain promissory notes, foreclosure of certain real estate mortgages, and judgment upon certain guaranty or surety agreements signed by Plaintiff individually.  Attorney Defendants were retained to represent the particular interests of Heather Apartments, Northwest Apartments, Venerable Group, respectively, and Plaintiff Grossman, individually, in connection with the Fannie Mae Litigation.  Attorney Defendants were to investigate and advise Plaintiffs regarding all defenses, rights, offsets, claims, and counterclaims against Fannie Mae in connection with the Fannie Mae Litigation. Attorney Defendants were also instructed to, and agreed to file all defenses, offsets, claims and counterclaims against Fannie Mae, and others, as may have been warranted under the facts and law.

10.     As a result of the agreements and understandings set forth in ¶¶ 4 , 5 and 6 above, Attorney Defendants had a duty to represent Plaintiffs particular interests with the reasonable care, skill, and diligence possessed and exercised by the ordinary attorney in similar circumstances.   At all times relevant during the existence of the attorney client relationship between Plaintiffs and Attorney Defendants, regarding Attorney Defendants performance of legal services on behalf of and/or for the benefit of Plaintiffs, the Attorney Defendants were required to and had a duty to perform said professional services carefully and without negligence.  And, at all times relevant, Plaintiffs relied upon the Attorney Defendants to perform such services with skill and ability.

11.     On or about August 31, 2007, an *in persona*m Judgment, upon a motion for summary judgment, was entered against Heather Apartments and Grossman in the Heather Apartments Foreclosure.   The summary against Heather Apartments and Plaintiff Grossman was appealed and subsequently, on August 8, 2008 the Court of Appeals denied the appeal premised on the defenses asserted to the Motion for Summary Judgment.  On December 18, 2008 the District Court of Oklahoma County entered a Deficiency Judgment against Plaintiff Grossman in the Heather Apartments Foreclosure Case for $5,543,354.22.

12.     On or about December 3, 2008, an *in persona*m judgment, upon motion for summary judgment was also entered in the Northwest Territory Limited Partnership Foreclosure Action against that Partnership and Grossman upon his guaranty for the sum of $8,578,815.93, plus interest and costs.  That summary judgment was in turn appealed. The appeal was denied upon order entered October  6, 2009.

13.It is believed and alleged that in connection with summary judgments entered in both the Heather Apartments Foreclosure and Northwest Territory Limited Partnership foreclosure the Attorney Defendants failed to conduct appropriate investigation and discovery in order to develop and support existing meritorious claims and defenses, including but not limited to claims or defenses pertaining to, among other claims or defenses, Fannie Mae's failure to follow the terms of the contractual provisions relating to demands for escrows for alleged physical needs assessments; equitable defenses, including waiver and estoppel, and good faith and fair dealing, and

counterclaims for breach of contract, including duty of good faith and fair dealing, and interference with business expectations.  It is believed and alleged that Attorney Defendants failed to timely raise appropriate affirmative defenses, and failed to properly support certain defenses asserted, and certain mature offsets and counterclaims, some of which were compulsory counterclaims, have been lost as a result of not being timely asserted and prosecuted.  Plaintiffs allege that they did not know or have reason to suspect the omissions asserted ¶¶ 12 & 13 until sometime in September or October, 2008.

13.     It is believed and alleged Attorney Defendants failed and neglected to exercise and render the skill required of a reasonably skilled and prudent attorney and instead negligently and  rendered professional services to Plaintiffs and the named apartment entities, thereby breaching the duties owed to Plaintiffs.  It is believed and alleged that Attorney Defendants were negligent in the following respects, among others: by: a) failing to adequately investigate affirmative defenses, offsets and counterclaims; b) failing to conduct appropriate formal discovery, and/or failing to seek appropriate extensions so that appropriate formal discovery could be undertaken, before responding to Motions for Summary Judgment; c) failing to allege certain legitimate affirmative defenses which were supported by facts which would have been uncovered by appropriate investigation and discovery; d) failing to timely asset certain legitimate counterclaims and/or legitimate offsets which were supported by facts which would have been uncovered by appropriate investigation and discovery; e) failing to properly support

certain affirmative defenses actually alleged with appropriate evidence which would have been uncovered if appropriate investigation and discovery had been undertaken; and f) failing to follow the client's explicit instructions.

14.     It is believed and alleged that if Attorney Defendants would have conducted appropriate investigation and necessary discovery, and asserted and properly supported valid defenses and counterclaims that the results would have been different and Fannie Mae would not have been granted summary judgments because Attorney Defendants could have raised genuine issues of material fact precluding entry of summary judgments.   Had meritorious offsets and counterclaims been timely asserted and prosecuted it is believed and alleged that judgments would have been recovered against Fannie Mae in an amount not less than the judgments entered against Plaintiff, or alternatively, that the amounts would have been substantially reduced.  The loss of the affirmative defenses, offsets, and counterclaims was the proximate result of the Attorney Defendants' failure to preserve such affirmative defenses, offsets, and counterclaims.

15.  Plaintiff  Grossman has suffered actual damages proximately caused by the acts of Attorney Defendants in an amount in excess of  the amounts of said judgments, as alleged in ¶¶ 11 and 12 as a result of the entry of said judgments and has lost his equities in said limited partnership entities, and expenditures for attorney's fees.   The Judgments have damaged Plaintiff's credit and ability to earn a living in his chosen field, causing damages in an amount to be determined at trial, but in excess of $75.000.00.   Plaintiff Northwest Territory has suffered actual damages proximately caused by the acts of

Attorney Defendants in an amount in excess of $500,000.00 resulting from expenditure of fees and costs, repairs to the property, and funds otherwise invested in the apartment complex, and lost claims.  Plaintiff Venerable Group has suffered actual damages proximately caused by the acts of Attorney Defendants in an amount to be proved at trial, but in excess of $75,000.00 resulting from operating loans or other financial support to the apartment entities or Grossman.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.      For general actual and consequential damages to be established at trial and alleged above;

2.      For interest on that sum;

3.      For costs, including a reasonable attorney's fees to the extent recoverable; and

4.      For such other relief as may be just and warranted.

Dated August 6, 2010.

_/s/ Kenneth Jones _____
Kenneth Jones, OBA # 4779
210 N.W. 10th Street
Oklahoma City, OK 73103
Ph. # (405) 990-1573
Jury Trial Demanded                    Email: kjones.kjlaw@gmail.com