**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ANDREW GROSSMAN, | ) | |
| VENERABLE GROUP, L.P., a limited | ) | |
| partnership, and NORTHWEST | ) | |
| TERRITORY LIMITED PARTNERSHIP, | ) | |
| a limited partnership, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-10-853-M |
| | ) | |
| McAFEE & TAFT, A Professional | ) | |
| Corporation, and JOSEPH H. BOCOCK, | ) | |
| an individual, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is defendants' Motion to Compel Arbitration and Stay Pending Action and

Brief in Support [docket no. 10], filed December 27, 2010.  On January 20, 2011, plaintiffs filed

their response, and on January 31, 2011, defendants filed their reply.  Based upon the parties'

submissions, the Court makes its determination.

In this action, plaintiffs selected defendants to represent them in matters pertaining to

plaintiffs' Oklahoma based property holdings.  On December 28, 2006, the parties entered into an

Engagement Agreement in connection with these matters.  In pertinent part, the Engagement

Agreement observes the following:

> In the event of a dispute of any kind we require that it be
> resolved by final binding arbitration pursuant to the Federal
> Arbitration Act.  A single arbitrator shall be employed to resolve any
> disputes that shall apply the Commercial Arbitration Rules of the
> American Arbitration Association.  If the parties can mutually agree
> on the arbitrator within thirty days after service of a written claim, the
> dispute will be self administered by the selected arbitrator.
> Otherwise the American Arbitration Association, who shall use its
> rules to select an arbitrator, will administer the dispute.  The decision

> of the arbitrator shall be final and binding on all parties. Each party
> shall bear one-half share of arbitration costs and be responsible for its
> own attorney's fees and litigation expenses.

Motion, Exhibit 2, at 2.

The attorney-client relationship between the parties terminated in October of 2007 when, due to non-payment of legal fees, defendants secured court orders allowing them to withdraw from lawsuits pending in state court.[1] Plaintiffs commenced this action against defendants alleging legal malpractice in connection with defendants' representation of plaintiffs in matters which were the subject of the Engagement Agreement. Defendants allege that the Engagement Agreement requires arbitration for any disputes arising out of the representation which is the subject of the Engagement Agreement. As a matter of law, plaintiffs counter that the arbitration provisions fail for lack of consent including informed consent.

The Engagement Agreement expressly provides that it is governed by the Federal Arbitration Act.

> The Arbitration Act provides that written agreements to arbitrate
> controversies arising out of an existing contract "shall be valid,
> irrevocable, and enforceable, save upon such grounds as exists at law
> or in equity for the revocation of any contract." 9 U.S.C. § 2. By its
> terms, the Act leaves no place for the exercise of discretion by a
> district court, but instead mandates that district courts *shall* direct the
> parties to proceed to arbitration on issues as to which an arbitration
> agreement has been signed. §§ 3, 4. Thus, insofar as the language of
> the Act guides our disposition of this case, we would conclude that
> agreements to arbitrate must be enforced, absent a ground for
> revocation of the contractual agreement.

*Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original).

---

[1] Defendants continued to represent plaintiffs in certain appellate matters after October of 2007.

Applying these directives, the Court finds that the Engagement Agreement prescribed that "a dispute of any kind" be resolved by arbitration pursuant to the Federal Arbitration Act. There simply is no question that plaintiffs' claims fall within the scope of the Engagement Agreement, and the Court finds that the arbitration language is broad enough to encompass plaintiffs' allegations. Although plaintiffs allege that the Engagement Agreement lacked informed consent, the Court finds that plaintiffs have cited no legitimate authority to support the contention that arbitration can be avoided on these grounds.

Plaintiffs also argue that the Federal Arbitration Act does not preempt basic Oklahoma law in that defenses arising from state law, such as fraud, duress or unconscionability may be applied to invalidate arbitration agreements without contravening § 2. Specifically, plaintiffs argue that undue influence and informed consent are similar in that they both negate free and willing consent because a person is unfairly influenced. However, Oklahoma law does not require "informed consent" for there to be a valid contract. It requires only consent which is not procured through duress, menace, fraud, undue influence, or mutual mistake. Okla. Stat. tit. 15, § 53. These are the only grounds which would support the revocation of a contract. Okla. Stat. tit. 15, § 233(3). The Court finds these grounds are simply not present in this case. The Court, therefore, concludes that the parties must be directed to proceed to arbitration on issues as to which an arbitration agreement exists.

Accordingly, the Court GRANTS defendants' motion to compel, DIRECTS the parties to proceed to arbitration on this matter, and STAYS the case pending arbitration.

**IT IS SO ORDERED this 4th day of February, 2011.**

3

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE